IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ANTHONY BROWN, | CIVIL ACTION |
| *Petitioner*, | NO. 18-2967 |
| v. | |
| MICHAEL OVERMEYER, *et al.*, | |
| *Respondents*. | |

**PAPPERT, J.**                                                                December 11, 2019

## **MEMORANDUM**

Anthony Brown filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Magistrate Judge Marilyn Heffley issued a Report and Recommendation recommending denial of the petition, to which Brown asserted objections. After reviewing the record, Judge Heffley's R&R, and Brown's objections, the Court adopts the R&R and denies Brown's petition.

I

Brown was sentenced to life in prison after a jury in the Philadelphia County Court of Common Pleas convicted him of first-degree murder and possession of an instrument of crime in connection with the shooting death of his brother Rodney Brown. *See Commonwealth v. Brown*, No. 54 EDA 2014, 2015 WL 745411 (Pa. Super. Ct. Mar. 18, 2015). The Pennsylvania Superior Court affirmed his conviction, *id.*, he filed a timely *pro se* petition under Pennsylvania's Post Conviction Relief Act and filed four supplements to his PCRA petition on his own behalf. *See Commonwealth v. Brown*, No. 1184 EDA 2017, 2018 WL 3079398, at *1 (Pa. Super. Ct. June 22, 2018). The attorney appointed to represent Brown in the PCRA proceeding filed a "No Merit Letter" pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. Ct. 1998). The

PCRA Court then issued a notice of its intention to dismiss Brown's PCRA petition without a hearing pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure. Brown filed a *pro se* response in which he claimed PCRA counsel was ineffective for failing to file an amended PCRA petition that raised the claims asserted in his petition and supplemental filings. *See* 2018 WL 3079398, at *1. Brown's PCRA counsel was permitted to withdraw and the PCRA court dismissed his petition. Brown appealed from the dismissal, and the Superior Court affirmed. *Id.* Brown did not appeal to the Pennsylvania Supreme Court. *See Commonwealth v. Brown*, No. CP-51-CR-0002243-2014, Dkt. No. 25, (Pa. Ct. Comm. Pl. Phila. Cnty.).

II

Brown argues that he is entitled to *habeas* relief based on his counsel's ineffectiveness for failing to challenge the admission of testimony regarding the alleged fraudulent transfer to himself of the deed to the house where he and Rodney Brown resided, a house which had belonged to their deceased mother. (*See* Pet'r Mem. at 20 (arguing that testimony regarding his alleged "prior bad act" was "false/misleading" and should not have been admitted as evidence of motive); *id.* at 28 (asserting that each of his listed "claims of trial counsel's ineffectiveness surrounds the elicitation and presentation by the Commonwealth of the false/misleading testimony of 'fraud' purportedly committed by petitioner"). Brown argues that "the evidence is clear and undisputed" that he did not "fraudulently transfer the deed of the home into his name 'only'" and he "simply maintained that he would 'administer the estate' and nothing more." (*Id.* at 7.) Brown asserts that "none of the [relevant] witnesses had the authority, facts and/or legal basis to testify before the jury that [he] had committed a

2

fraud upon his brother" with respect to the deed. (*Id.*)

Judge Heffley concluded that Brown's *habeas* claims are procedurally defaulted and unreviewable because Brown did not raise them in his PCRA petition. (R&R, ECF No. 9, at 7-9.) She wrote that when he

> attempted to raise the arguments that he raises [in his *habeas* petition] on appeal of the denial of his PCRA petition, the Superior Court held that he had waived them by failing to raise them in his pro se [PCRA] petition, supplemental pro se [PCRA] petitions, the no merit letter filed by his appointed counsel, [and] his response to the PCRA court's notice of its intention to dismiss his appeal

and the Superior Court held that "he could not raise [a] claim for the first time on appeal." (R&R at 8, *citing* 2018 WL 3079398, at *1-3). Judge Heffley explained that the Superior Court's decision that Brown could not raise the effectiveness of his PRCA counsel on appeal had "an independent and adequate state law basis," and rendered his claims "procedurally defaulted and unreviewable." (R&R at 9 (citation omitted).)

Judge Heffley also found that even if Brown's *habeas* claims are not procedurally defaulted, they cannot support his petition for *habeas* relief because they are substantively meritless. (R&R at 9-14.) She explained that "Brown's objection to the admission of the evidence regarding his alleged fraudulent transfer of the deed for lack of factual foundation does not raise a cognizable claim." (R&R at 9.)

Brown objects to both the conclusion that his *habeas* claims are procedurally defaulted and that they are substantively meritless. (Pet'r Obj., ECF No. 27, at 7-8.) The Court reviews *de novo* the specific portions of the R&R to which Brown objects.[1]

---

[1] "[F]or the portion of the R&R to which no objection [is] made, the Court reviews the R&R for clear error." *Harris v. Mahally*, No. 14-2879, 2016 WL 4440337, at *4 (E.D. Pa. Aug. 22, 2016). Since the Court liberally construes Brown's objections and applies them to the R&R in its entirety, the Court reviews all of the R&R's findings and recommendations *de novo*.

3

*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify" Judge Heffley's conclusions "in whole or in part." 28 U.S.C. § 636(b)(1)(c).

III

Brown's ineffective assistance of counsel claims are procedurally defaulted. *See* 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies before pursuing federal *habeas* relief). "[W]hen the state court denies a claim because the prisoner failed to comply with a procedural rule, that procedural default normally bars federal courts from re-hearing the claim." *Richardson v. Superintendent Coal Twp. SCI*, 905 F.3d 750, 759 (3d Cir. 2018) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

Brown's PCRA petition alleged six issues of trial counsel ineffectiveness. *See Brown*, 2018 WL 3079398, at *2. Four of the issues were identical to those raised in his *habeas* petition. (*See* Pet'r Mem. at 27.) On appeal, the Superior Court found Brown had waived these issues because they "were not raised in his *pro se* [PCRA] petition, supplemental *pro se* petitions, the no-merit letter filed by his PRCA counsel, or" in Brown's response to his PCRA petition. *Brown*, 2018 WL 3079398, at *3.

In his PCRA appeal, Brown also argued that his PCRA counsel was ineffective because counsel failed to raise Brown's trial counsel's alleged ineffectiveness in the PCRA proceedings. The Superior Court concluded that Brown had also waived this claim because he had not raised it in response to the PRCA court's Rule 907 notice. *Brown*, 2018 WL 3079398, at *3. Specifically, Brown's response to the Rule 907 notice of intent to dismiss "claimed that PCRA counsel was ineffective for failing to address [Brown's] fourteenth claim in the initial no-merit letter and illegal sentencing claims addressed in his third and fourth supplemental [PCRA] petitions." *Id*. However, on

4

appeal, Brown "appear[ed] to have abandoned" his initial claim regarding PCRA counsel's ineffectiveness and instead claimed "that PCRA counsel was ineffective for failing to raise a layered ineffectiveness claim that trial counsel failed to object to prior bad act testimony." *Id*. Brown's claim that PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness is procedurally defaulted as well.

A *habeas* petitioner "who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address the merits of those claims in the first instance." *Davila v. Davis*, 137 S. Ct. 2058, 2064, 198 L. Ed. 2d 603 (2017) (citation and internal quotations omitted). The doctrine of procedural default bars this Court's review of the merits of Brown's ineffective assistance of counsel claims in the absence of a showing that there is "cause for the default and prejudice from a violation of federal law." *Martinez v. Ryan*, 566 U.S. at * 10 (2012); *see also Mack v. Superintendent Mahanoy SCI*, 714 F. App'x 151, 153 (3d Cir. 2017).

In *Martinez*, the Supreme Court established a "narrow exception" permitting a petitioner to obtain *habeas* review if (1) PCRA counsel's failure to raise an ineffective assistance of trial counsel claim itself constituted ineffective assistance under *Strickland v. Washington*,[2] 466 U.S. 668 (1984); and (2) the underlying trial counsel ineffectiveness claim is "a substantial one," meaning it has "some merit." *Martinez*, 566 U.S. 1, 14 (2012); *see also Workman v. Superintendent Albion SCI*, 915 F.3d 928, 941 (3d Cir. 2019). Brown argues that the Supreme Court's decision in *Martinez* saves his

---

[2]  *Strickland* ineffectiveness requires establishing: (1) deficiency, meaning "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment"; and (2) prejudice, meaning "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694.

5

*habeas* claims. (*See* Pet'r Obj. at 1-2; *see also* Pet'r Mem. at 18-19, 25; Pet'r Resp., ECF No. 13, at 2.) The R&R did not address Brown's *Martinez* argument; the Court does so now.

A

For *Martinez*'s narrow exception to apply to his claims, Brown must show "that both collateral review counsel and trial counsel were ineffective." *Tadych v. Wingard*, No. 16-3603, 2019 WL 316757, at *1 (E.D. Pa. Jan. 23, 2019). *Martinez* does not excuse Brown's procedural default because he has not shown that his underlying claim of trial counsel's ineffectiveness is "substantial." *Martinez*, 566 U.S. at 14. "[T]he 'substantiality' inquiry 'does not require full consideration of the factual or legal bases adduced in support of the claims.'" *Richardson*, 905 F.3d at 763-64. Rather, Brown "must show that the claim has some merit, as required for a certificate of appealability." *Id.* at 763 (citation and internal quotation omitted). To show that his claim has "some merit," Brown must show that "reasonable jurists could debate its merits, or it deserves encouragement to proceed further." *Id.* at 763 (internal quotations and alterations and citations omitted). This is not the same as the standard applied to determine ineffectiveness of counsel under *Strickland*, it "is a notably lower standard than the proof of prejudice required by *Strickland's* second prong." *Id.*

Brown argues that trial counsel was ineffective because he did not prevent the admission of "totally false and misleading" testimony "surrounding an alleged fraud committed by petitioner in [an] effort to de-fraud [sic] his brother out of the home willed to both [Brown] and his brother (Rodney Brown) . . . ." (Pet'r Mem. at 20.) Brown contends that absent the claimed false testimony, "the jury would have been left to

6

consider and weigh the testimony and evidence[ ] that [there was] an alternative suspect (the victims' drug dealer) whom had been in the area and [who] was owed a 'drug debt' by the victim." (*Id.* at 20-21.)

Brown has not shown that reasonable jurists would debate whether trial counsel was ineffective by failing to have the trial court exclude evidence about the transfer of the deed. In fact, the record shows that trial counsel attempted to prevent the introduction of such evidence. At a hearing on pretrial motions, counsel argued against the admission of Sharon Keys' statement that Rodney Brown had told her that Brown "had swindled [Rodney Brown] out of the house and that, quote, if anything happened to [Rodney Brown], [Brown] did it." *(*July 20, 2012 Motion Transcript, ECF No. 14, at 11:11-18.) Trial counsel argued it had "never been proven as to whether Mr. Brown fraudulently transferred" the deed. (*Id.* at 3:22-4:2.) The court held that the testimony would be admissible at trial because it was "probative of motive," but, because it might be more prejudicial than probative, determined that the jury would be given a "cautionary instruction" that "there was no ruling by any Court" with respect to whether there had actually been a fraudulent transfer. (*Id.* at 4:23-5:7.) As for the second part of Keys' statement, the court found that it was "absolutely not admissible." (*Id.* at 8:9.) At trial, counsel also objected to the introduction of Sharon Keys' testimony that Brown and his brother "didn't get along because of the house." (November 20, 2013 Trial Transcript, ECF No. 17 at 123:9-20.) Brown has not shown that trial counsel failed to raise any legitimate objections to the testimony regarding the deed. Instead, counsel's attempts to have the Court exclude testimony regarding the circumstances surrounding the deed show that Brown's ineffective assistance of trial

7

counsel claim does not deserve "encouragement to proceed further." His claim is not substantial. Because it is not, *Martinez* does not excuse Brown's procedural default, and the Court need not consider whether Brown's PCRA counsel's failure to raise an ineffective assistance of trial counsel claim itself constituted ineffective assistance.

IV

Even if not procedurally defaulted, the Court agrees with and affirms the R&R's conclusion that Brown's *habeas* claims are substantively meritless. The testimony regarding the status of the deed to his deceased mother's house that Brown contends should have been excluded was admitted as evidence of motive pursuant to Rule 404(b) of the Pennsylvania Rules of Evidence. It was not admitted to show that Brown had, in fact, fraudulently transferred the deed to himself. (*See, e.g.*, July 20, 2012 Motion Transcript, ECF No. 14, at 4:23-24; 13:6-20; November 21, 2013 Trial Transcript, ECF No. 18 at 5:2-16.) Although Brown contends the relevant testimony was false or misleading, he has not identified any factual or legal basis to suggest that its admission supports a grant of *habeas* relief pursuant to 28 U.S.C. § 2254.

V

For the reasons above, the Court overrules Brown's objections, adopts the R&R and denies and dismisses Brown's Petition. An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.